IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br> v.<br><br>Jahsiah Naisheem Alston,<br><br>    Defendant. | Criminal No. 2:21-cr-00147-RMG-1<br><br>**ORDER** |

  This matter comes before the Court on Defendant's second motion for bond. (Dkt. No. 81). By way of background, Defendant was indicted by a federal grand jury on April 6, 2021, for felon in possession of a firearm. (Dkt. No. 2). Defendant's federal indictment followed his arrest by the Charleston Police Department on December 17, 2020, in which he was found responsible for a Taurus G2C 9 mm pistol, an extended magazine, ammunition, and a variety of illicit drugs. (Dkt. No. 70 at 4-5). Defendant's criminal history included prior convictions for Assault and Battery of a High and Aggravated Nature (ABHAN), Distribution of Cocaine Base, Distribution of Heroin, and Unlawful Carrying of a Pistol. (*Id*. at 6-9)

  Defendant appeared in federal court on a writ of *habeas corpus ad prosequendum* and was ordered detained because of "violations of probation and continued criminal activity after probation for ABHAN conviction cause significant concerns, as well as the violent behavior giving rise to the arrest in this matter." (Dkt. No. 39 at 3). The Magistrate Judge specifically found in Defendant's order of detention "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (*Id*. at 2). The Magistrate Judge further noted as reasons for detention the "[w]eight of evidence against the defendant," his prior criminal history, his participation in criminal activity while on probation, and his history of violence and use of weapons. (*Id*.).

1

The processing of Defendant's case was delayed by a court ordered psychiatric evaluation, which was requested by his counsel. (Dkt. No. 56 at 1). The Court received Defendant's psychiatric report on June 22, 2022, which found Defendant competent to stand trial. (Dkt. No. 60). Shortly thereafter, on July 6, 2022, Defendant entered a plea of guilty to the pending felon in possession charge. (Dkt. No. 64).

The Court received Defendant's presentence report on June 15, 2023. The probation officer calculated Defendant's sentencing guideline as 120 months. (Dkt. No. 70-2). Defendant filed numerous objections to the presentence report, including to an enhancement to his base offense level under USSG § 2K2.1 because he had two prior felony convictions that were either a crime of violence or a controlled drug offense. Among those objections to this enhancement was the assertion that Defendant's prior ABHAN conviction was not a crime of violence. (Dkt. No. 70-1 at 3-5). This very issue, whether a conviction under the South Carolina ABHAN statute met the requirements for a crime of violence under the federal sentencing guidelines, was the subject of a recent certified question issued by the Fourth Circuit Court of Appeals to the South Carolina Supreme Court. The Fourth Circuit observed this issue is an unsettled question of state criminal law. *See*, *United States v. Clemons*, Appeal No. 22-4152, 2022 WL 4758368 (4th Cir. 2022). The certified question has been fully briefed by the South Carolina Supreme Court and the Fourth Circuit is awaiting a response to its certified question. Under these circumstances, the Court continued Defendant's sentencing, finding that the interests of justice are served by waiting for an answer to this unsettled legal question and outweigh the interests of the Defendant and the public in a speedy trial. (Dkt. No. 76).

Defendant has moved again for bond, arguing that he seeks release to participate in a rehabilitation program, Turning Point, and desires to return home to his wife and child. (Dkt. No.

81).  In weighing this second request for bond, the Court has carefully considered the particular criminal activity giving rise to the instant offense (responsibility for a firearm, ammunition, an extended magazine, and a variety of illicit drugs), the Defendant's extensive criminal history involving firearms and drugs, and his criminal conduct while on probation.  Further, where a defendant has pled guilty and is awaiting sentencing, the Court must find by "clear and convincing evidence" that the defendant does not pose a danger to the safety of the community.  18 U.S.C. § 3143(a).  Based on the record presented in this case, the Court cannot make a finding by clear and convincing evidence that Defendant does not pose a threat to the safety to the community.  Consequently, Defendant's second request for bond (Dkt. No. 81) is **DENIED**.

    **AND IT IS SO ORDERED**.

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

September 15, 2023
Charleston, South Carolina